FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2017 JUL 19 PM 4:24

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES OF AMERICA

v.                                    CASE NO. 6:17-cr-165-Orl-40KRS
                                      21 U.S.C. § 846
                                      21 U.S.C. § 841(a)(1)
JEREMY ACHEY

## INDICTMENT

The Grand Jury charges:

### COUNT ONE

From in or about July 2016 and continuing through on or about June 27, 2017, in the Middle District of Florida, and elsewhere, the defendant,

JEREMY ACHEY,

did knowingly, willfully, and intentionally conspire with other persons, both known and unknown to the Grand Jury, to distribute and possess with intent to distribute a controlled substance analogue that was intended for human consumption, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl]tetrahydrofuran-2-carboxamide (Tetrahydrofuran fentanyl) Hydrochloride, a Schedule II controlled substance analogue, and a mixture and substance

containing a detectable amount of 4-Acetoxy-N,N-dimethyltryptamine (4-ACO-DMT), a Schedule I controlled substance analogue, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

Pursuant to 21 U.S.C. § 841(b)(1)(C), on or about February 27, 2017, a person identified herein as "K.G." died as a result of the use of a controlled substance analogue that the defendant conspired to distribute and possess with intent to distribute, that is, a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl]tetrahydrofuran-2-carboxamide (Tetrahydrofuran fentanyl) Hydrochloride, a Schedule II controlled substance analogue.

All in violation of 21 U.S.C. §§ 802(32), 813, and 846.

## COUNT TWO

Between on or about February 24, 2017, and on or about February 27, 2017, in the Middle District of Florida, and elsewhere, the defendant,

JEREMY ACHEY,

did knowingly and intentionally distribute a controlled substance analogue that was intended for human consumption, which violation involved a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-

phenylethyl)piperidin-4-yl]tetrahydrofuran-2-carboxamide (Tetrahydrofuran fentanyl) Hydrochloride, a Schedule II controlled substance analogue, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

Pursuant to 21 U.S.C. § 841(b)(1)(C), on or about February 27, 2017, a person identified herein as "K.G." died as a result of the use of the mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)piperidin-4-yl]tetrahydrofuran-2-carboxamide (Tetrahydrofuran fentanyl) Hydrochloride, a Schedule II controlled substance analogue, distributed by the defendant.

In violation of 21 U.S.C. §§ 802(32), 813, 841(a)(1), and 841(b)(1)(C).

## COUNT THREE

Between on or about March 24, 2017, and on or about March 27, 2017, in the Middle District of Florida, and elsewhere, the defendant,

JEREMY ACHEY,

did knowingly and intentionally distribute a controlled substance analogue that was intended for human consumption, which violation involved a mixture and substance containing a detectable amount of 4-Acetoxy-N,N-

dimethyltryptamine (4-ACO-DMT), a Schedule I controlled substance analogue, and is therefore punished under 21 U.S.C. § 841(b)(1)(C).

In violation of 21 U.S.C. §§ 802(32), 813, 841(a)(1), and 841(b)(1)(C).

## FORFEITURE

1. The allegations contained in Counts One, Two, and Three are incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of 21 U.S.C. § 853.

2. Upon conviction of a violation of 21 U.S.C. §§ 841(a)(1) and/or 846, the defendant shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a)(1) and (2), any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

3. If any of the property described above, as a result of any acts or omissions of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e.    has been commingled with other property, which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

A TRUE BILL,

_Catherine Wasson_
Foreperson

W. STEPHEN MULDROW
Acting United States Attorney

By: _[signature]_
Nathan W. Hill
Assistant United States Attorney

By: _[signature]_
Katherine M. Ho
Assistant United States Attorney
Chief, Orlando Division

5

FORM OBD-34
APR 1991

No.

# UNITED STATES DISTRICT COURT
Middle District of Florida
Orlando Division

THE UNITED STATES OF AMERICA

vs.

JEREMY ACHEY

## INDICTMENT

Violations:

21 U.S.C. § 846
21 U.S.C. § 841(a)(1)

A true bill,

*Catherine Watson*
Foreperson

Filed in open court this 19th day of July, 2017.

_____
Clerk

Bail  $ _____